IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ENTERPRISE CITY BOARD OF EDUCATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:19-cv-748-ALB |
| S.S. and J.S., individually and as parents, legal guardians, next friends, and representatives of S.S., a minor, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Enterprise City Board of Education's Motion for Reconsideration, (Doc. 18), and Defendants S.S. and J.S.'s Motion to Strike Conditional Affidavit of Joylee Cain, (Doc. 21). Upon consideration, the Board's motion is DENIED, and the parents' motion is DENIED as moot.

## **BACKGROUND**

This case is an appeal from the determination of an Alabama State Board of Education hearing officer under the Individuals with Disabilities Education Act (IDEA). That hearing officer found that federal law required the Board to take certain actions for the benefit of a disabled child, S.S.. The parties filed cross-

motions addressed to the issue of whether the Board should comply with the hearing officer's order during the pendency of this appeal.

The Court denied the Board's motion to stay and granted S.S.'s motion to compel. *See* Doc. 17. The Court did so because the state hearing officer had expressly ordered the Board to comply "immediately" and because Alabama Code §41-22-20(c) expressly provides that the filing of a notice of appeal does not stay a state agency's action. *See* Doc. 17. To that end, the Court ordered the Board to complete and implement the following findings by January 1, 2020, (Doc. 14):

- Finding 4: "That the LEA is directed to provide mileage reimbursement to Petitioner's parents for the mileage incurred at the U.S. Federal mileage rate[;]"
- Finding 6: "That the LEA is directed to provide S.S. with a BIP [Behavior Intervention Plan], and a BCBA [Board Certified Behavior Analyst], immediately, to work with his team to address these concerns;"
- Finding 7: "That the LEA is directed to provide S.S. a one-on-one Behavioral Aide and a counselor, immediately . . . ." (Doc. 6-1 at 37).

After the Court issued its order, the Board asked for reconsideration. (Doc. 18).

# DISCUSSION

The Board's motion to reconsider the Court's previous ruling is due to be denied. Because of the exigent circumstances surrounding the minor child at the center of this case, the Court did not write a memorandum opinion in relation to its initial order. Accordingly, the Court will use this opportunity to do so now.

### A. The IDEA requires the Board to implement the hearing officer's decision pending this appeal.

The Board's position that the hearing officer's order should be stayed pending appeal is inconsistent with plain text of the IDEA, 20 U.S.C. §§1400 *et seq.*. The IDEA includes a "stay put" provision governing the placement of a child during an appeal. *Escambia Cty Bd. of Educ. v. Benton*, 358 F. Supp. 2d 1112, 1122 (S.D. Ala. 2005). Under this provision, "during the pendency of any proceedings conducted pursuant to this section, *unless the State or local educational agency and the parents otherwise agree*, the child shall remain in the then-current educational placement of the child …." 20 U.S.C. §1415(j) (emphasis added). The U.S. Secretary of Education has required that this provision be applied as follows: "If the decision of a hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, *that placement must be treated as an agreement between the State or local agency and the parents* for purposes of [§1415(j)]." 34 C.F.R. §300.518; *see also* Ala. Admin. Code §290-8-9-.08(9)(c)(14) (same language). This regulation

3

implements a U.S. Supreme Court opinion based on the statute's plain language. *See Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 372 (1985) (holding that a state administrative appeal board's "decision in favor of the [parents] and the Carroll School placement would seem to constitute agreement by the State to the change of placement").

"'Educational placement', as used in the IDEA, means educational program—not the particular institution where that program is implemented." *White ex re. White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 379 (5th Cir. 2003); *see also R.L v. Miami-Dade County School Bd.*, 757 F.3d 1173, 1190 n.8 (11th Cir. 2014) (quoting *White* with approval). As used in the IDEA, the actual setting, or physical location, is only one part of "placement." *R.L. v. Miami-Dade Cty Sch. Bd.*, 2008 WL 3833414, at *29 (S.D. Fla. Aug. 12, 2008) ("[A] particular school setting and location where instruction is given is an aspect of placement.") (citing *White*, 343 F.3d at 379–80). A child's "educational placement" should be viewed expansively to include all attributes of a child's educational program:

> The educational program of a handicapped child, particularly a severely and profoundly handicapped child such as [the child here], is very different from that of a non-handicapped child. The program may consist largely of "related services," such as physical, occupational, or speech therapy. The basic constituent elements of the program will be incorporated in the IEP, and the elimination of one of those elements may significantly affect the ability of the child to learn.

4

*DeLeon v. Susquehanna Cmty. Sch. Dist.*, 747 F.2d 149, 153 (3d Cir. 1984). Regulations similarly reflect that a child's educational placement encompasses "instruction in regular classes, special classes, special schools, home instruction, and instruction in hospitals and institutions," as well as "supplementary services" including "resource room or itinerant instruction . . . ." 34 C.F.R. §300.115.

Here, the state hearing officer agreed with the parents that a change of placement was appropriate. Under the IDEA, the placement is the child's entire educational program, which generally includes the way he gets to school (finding four), a BIP and a BCBA (finding six), and a behavioral aide and a counselor (finding seven). *E.g., DeLeon*, 747 F.2d at 154 ("Under some circumstances, transportation may have a significant effect on a child's learning experience."). And under C.F.R. §300.518 and the Supreme Court's precedent, the hearing officer's ruling is treated as an agreement between the parents and the state, exempting the child from the "stay put" provision and putting the hearing official's order into effect pending appeal. Accordingly, the plain text of the IDEA and its implementing regulations require that the Board implement the state hearing officer's decision during the pendency of this appeal.

**B. In the alternative, the Board cannot satisfy the prerequisites for a stay pending appeal.**

The parties presented this issue on cross-motions for, effectively, interlocutory injunctions. The Court finds that there is no basis to grant the Board an

injunction against the enforcement of the hearing officer's ruling and every reason to grant such relief to S.S..

For this Court to grant injunctive relief, the moving party must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury during pendency of the suit absent an injunction; (3) the threatened injury to the movant outweighs any damage to the opposing party; and (4) the injunction would not be adverse to the public interest. *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005). The Board cannot establish these elements.

*Likelihood of success*: The Board's appeal is not substantially likely to succeed. The Board concedes that the child at issue is disabled and needs special services. But it argues that the hearing officer "(1) applied the wrong standard; (2) improperly construed the IDEA to require involving a BCBA and BIP; (3) erred in finding that the Board violated IDEA procedures; and erred in framing the issue on the topic of relief." (Doc. 4 at 2–3). The Court has reviewed the hearing officer's ruling.[1] The Court has not had the benefit of full briefing on the full record and does not prejudge those issues at this point in the case. But, at this juncture, the Court does not believe the Board's arguments about that ruling are substantially likely to succeed.

---

[1] In the complaint, the Board noted the underlying proceeding's case number. And both parties either linked to or provided the hearing officer's decision and final order. (Doc. 1 at 5; Doc. 6-1).

*Irreparable injury*: It would not irreparably injure the Board to allow the hearing officer's decision to go into effect, but it would irreparably injure S.S. to stay that decision. The Board's only meaningful argument for irreparable injury is that complying with the hearing officers' ruling would moot its appeal. But the Board is wrong. The Board relies on *Jefferson County Board of Education v. Bryan M.*, noting that "when a party fully complies with an order under review, that compliance generally moots any appeal from that order—at least where the 'order was not a continuing injunction' and 'merely required [that party] to perform discrete acts.'" 706 F. App'x 510, 513 (11th Cir. 2017) (quoting *Newman v. Alabama*, 683 F.2d 1312, 1317 (11th Cir. 1982)). That is obviously a correct principle of law, but it has no application here. In *Jefferson County*, the board was trying to avoid training its personnel. When the board decided to train its personnel and develop a new IEP, the Eleventh Circuit affirmed the district court's holding that the appeal was moot because the personnel could not be untrained and the IEP could not be undeveloped. *Jefferson Cty*, 706 F. App'x at 513. The Eleventh Circuit, however, noted an exception: orders that are continuing injunctions rather than requiring a discrete act. The hearing officer's order falls squarely into this category; it requires reimbursement for mileage, a BIP and a BCBA, and a behavioral aide and a counselor. The Board has not shown that compliance with the hearing officer's findings in this regard would moot its appeal.

7

S.S., however, will be irreparably injured if the Board does not comply pending appeal. A state hearing officer has held that S.S. has the federal right to certain services under the IDEA. Everyone agrees the child is severely disabled. Each day that goes by without S.S. having access to those services cannot be remedied.

*Balance of the equities*: The threatened injury to the S.S. outweighs any potential damage to the Board. As stated in the hearing officer's Final Order, the child has significant challenges including autism, pica, cerebral palsy, and Chiari malformation. (Doc. 6-1 at 9). "He has severe behaviors including attacking individuals, biting them, pulling individual's shirts and hair, walking in repetitive circles, grabbing fibers off the carpet and putting them in his mouth." (Doc. 6-1 at 9). In fact, according to the hearing officer, it appears that the child has regressed without proper intervention. (Doc. 6-1 at 15). The Board, on the other hand, has failed to show how it would be harmed by allowing the hearing officer's order to go into effect, beyond possibly mooting this appeal.

*Public interest*: A ruling in favor of the Board would undermine the public interest. "The IDEA represents an ambitious national undertaking to promote the education of children with disabilities." *Durbrow v. Cobb Cty. Sch. Dist.*, 887 F.3d 1182, 1189 (11th Cir. 2018). The Act offers the States federal funds in exchange for a commitment to provide all "children with disabilities" individually tailored special

education, also known as a "free appropriate public education." 20 U.S.C. §§ 1400(d)(1)(A), 1412(a)(1)(A). "Integral to the concept of an 'appropriate' education is the notion that the services provided must be tailored to serve the individual needs of the child." *Weiss v. School Board of Hillsborough County*, 141 F.3d 990 (11th Cir. 1998). The public has an interest in having the services it funds provided in an expeditious manner, especially when the state's appointed hearing officer has agreed with the parents that the Board should do so.

## CONCLUSION

For the foregoing reasons, the Board's motion to reconsider (Doc. 18) is **DENIED**. Because that motion is denied, S.S.'s motion to strike is **DENIED AS MOOT** (Doc. 21).

**DONE** and **ORDERED** this 19th day of December 2019.

                                                                 /s/ Andrew L. Brasher
                                          ANDREW L. BRASHER
                                          UNITED STATES DISTRICT JUDGE